BILLINGS, Plaintiff-Appellee, v LAMBERT, et, Defendants-Appellants.

Ohio Appeals, Second District, Franklin County.

No. 3864. Decided January 22, 1946.

310

H. Z. Bostwick and W. B. Cockrell, Columbus, for Plaintiff-Appellee.

James F. Little, Columbus, for Defendants-Appellants.

## OPINION

By HORNBECK, PJ.

The appeal is on questions of law from a judgment of the Court of Common Pleas in favor of plaintiff and against defendant for $500.00 with interest at six per cent and costs.

The petition recites that on April 30, 1930, he loaned to the defendants the sum of $500.00 and that as evidence of such loan the defendants executed their promissory note, a copy of which note is set out verbatim.

It is further averred that the defendants have paid no part of the principal or interest and that there is now due and owing plaintiffs the sum of $500.00 together with interest at six per cent per annum from October 30, 1930.

Defendants moved to make the petition definite and certain, which motion was overruled. They then demurred generally and because the action was not brought within the time limited for the commencement thereof. This demurrer was overruled. They then answered setting up three defenses, the first of which is substantially a general denial; the second, that the cause of action is barred by the statute of limitations; the third, that plaintiff made no presentation demand for payment on the instrument sued on and is therefore estopped from recovery thereon.

The cause was presented upon the issues drawn and judgment was entered as heretofore stated.

The first assignment of error is that the Court erred in overruling defendant's motion to make the petition definite and certain. This motion was predicated upon the theory that the note set out in the petition stated that it was secured by a mortgage executed by the makers of the note on lands in Columbus, Ohio, "fully therein described," and the motion sought to require the plaintiffs to set out a full description of the property set forth in the mortgage. The motion was not well taken for the obvious reason that the suit was at law for recovery of money judgment and not for any relief under the mortgage which relief could be secured only under the equitable jurisdiction of the Court.

The second assignment of error is directed to the overruling of the demurrer. The first branch is that the petition does not state a cause of action on the note because it is predicated upon a loan on the theory of money lent or assumpsit and that it fails to state a cause of action for recovery on the note in that no averment is made of the amount claimed to be due from the plaintiffs on the note.

The petition conforms to §11334 GC in that it sets forth a copy of the note and it also states "that the defendants have paid no part of principal or interest and that there is now due and owing plaintiff from the defendants the sum of $500.00," etc. This also is in conformity to the statutory provision. There is no doubt that the action is predicated upon the note, the loan averment merely indicating the consideration for which the note was executed and delivered.

The second branch of the demurrer is that the action is barred by the statute of limitations because in assumpsit.

What we have said respecting the action being on a note disposes of this claim.

The third assignment of error is two-fold: first, that there is no basis for award of interest at six per cent from the date the note is due because the note is silent as to any rate of interest. The judgment is in accord with §8305 GC. The second branch of the third assignment is that the plaintiff should not be permitted to recover because there is no proof of presentation of said note for payment before the filing of the action. Sec. 8175 GC, in part provides:

"Presentment for payment is not necessary in order to charge the person primarily liable on the instrument; * * *."

The judgmenet will be affirmed.

WISEMAN and MILLER, JJ, concur.